PEOPLE v. YAPLE.

1. CRIMINAL LAW—GROSS INDECENCY—EVIDENCE.

In prosecution on charge of an act of gross indecency, tried by court without a jury, record containing substance of testimony of complaining witness and substance of defendant's testimony disavowing guilt *held*, not to contain justification for holding decision of trial judge who had duty of passing upon credibility of witnesses was in error as a matter of fact or a matter of law (Act No. 328, § 338, Pub. Acts 1931).

2. SAME—GROSS INDECENCY—CROSS-EXAMINATION OF COMPLAINING WITNESS.

In prosecution on charge of an act of gross indecency wherein defendant's counsel acquiesced in an interruption of his cross-examination of the complaining witness and made no complaint to the trial court that further cross-examination would have impaired the credibility of such witness, defendant was not wrongfully deprived of the benefit of cross-examination.

3. SAME—PROSECUTOR'S RECOMMENDATION OF INCLUDED OFFENSE.

The fact that result of trial without jury was not what defendant and his counsel had hoped in prosecution on charge of an act of gross indecency wherein written waiver of jury followed conference with prosecutor in which latter agreed to recommend included offense of assault and battery and the failure of trial judge to follow prosecutor's suggestion, not having been made under promise of leniency, were not grounds for reversal.

4. SAME—GROSS INDECENCY—RECORD.

In prosecution on charge of an act of gross indecency, record failed to disclose prejudicial error in the trial or a miscarriage of justice or error in denial of new trial (3 Comp. Laws 1929, § 17354).

Appeal from Recorder's Court for the City of Detroit; Stein (Christopher E.), J. Submitted June 14, 1945. (Docket No. 69, Calendar No. 42,868.) Decided October 8, 1945.

George Yaple was convicted of gross indecency. Affirmed.

*George F. Curran,* for appellant.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Andrew De Maggio,* Assistant Prosecuting Attorney, for the people.

NORTH, J. In the recorder's court of Detroit defendant was charged with being guilty of an act of gross indecency with one Harry Victor.* Defendant pleaded not guilty, and upon trial by the court without a jury was convicted and sentenced. Leave having been granted, he has appealed.

Defendant demanded a trial by jury. As this case was about to be reached for trial in the recorder's court, there was some discussion about the case between defendant's counsel and the assistant prosecuting attorney together with the police officer who had worked in connection with the case. The result seems to have been that they concluded that the charge against defendant might well be reduced to one of assault and battery and disposed of accordingly. There was no promise of leniency, but the prosecutor seemingly indicated that he would suggest to the trial court that the charge against defendant be so reduced. Thereupon defendant, in

---

* See Act No. 328, § 338, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–338, Stat. Ann. § 28.570).—REPORTER.

writing signed by him and filed in the cause, waived trial by jury; and the trial proceeded before the court without a jury. The complaining witness, Harry Victor, testified in support of the charge made against defendant; and defendant's counsel began cross-examination of the complaining witness. At this point the following occurred. Prosecuting Attorney: "After hearing the testimony, I want to make a recommendation here in court that an included offense be taken into consideration, assault and battery, in this case." (Addressing Mr. Curran, defendant's counsel) "What do you say to that?" Mr. Curran: "I will waive all the other testimony, your Honor," and thereupon Curran inquired of the prosecutor whether he would rest the case. The reply was: "I can't rest until there is some reason for it." Defendant's counsel then said: "Well, I just want to put in the defendant's story."

Thereupon defendant as a witness in his own behalf gave his version of his associations with the complaining witness, and disavowed having committed the offense charged. After hearing the testimony offered, the trial court, notwithstanding the recommendation made by the prosecutor, found defendant guilty of the offense charged.

Under the first question presented by appellant on this appeal he states: "Defendant contends that the verdict was against the law and the evidence because the prosecution did not sustain the burden of proof beyond a reasonable doubt." As bearing upon this phase of the appeal, the record before us contains only an agreed statement as to the substance of the testimony of the complaining witness which, if true, rendered defendant guilty; and also on the other hand the substance of the testimony of the defendant wherein he disavowed guilt. There

is nothing in this record which would justify our holding that the trial judge was in error in finding defendant guilty under the testimony. The witnesses testified in the presence of the trial judge whose duty it was to pass upon the credibility of each of these two witnesses whose testimony was in conflict. The record contains nothing which would constitute a justification for holding that the trial judge in his decision was in error as a matter of fact or a matter of law.

We are mindful it is urged in behalf of defendant that in view of the manner in which the case was submitted to the trial judge defendant did not fully and exhaustively cross-examine the complaining witness. However, defendant's counsel acquiesced in the interruption of his cross-examination of the complaining witness, and made no claim to the trial court, as he now asserts, that if he had cross-examined more fully he could have developed facts and circumstances which would have tended to impair the credibility of the complaining witness. Since defendant's counsel failed to ask in the trial court to be permitted to further cross-examine, he may not in that respect now be heard to complain. Defendant was not wrongfully deprived of the benefit of cross-examination.

Notwithstanding defendant's intimation to the contrary, he was not wrongfully deprived of a trial by jury. With his counsel in court, defendant in writing waived trial by jury. While it is true this waiver followed the conference or conversation with the prosecutor in which the prosecutor stated or at least intimated he would recommend to the court that the case be considered as one charging assault and battery, no fraud, deception, or trick was perpetrated in that particular. Instead the prosecutor

did say to the court: ''I want to make a recommendation here in court that an included offense be taken into consideration, assault and battery, in this case.'' The trial judge did not know nor was he advised by either the prosecutor or defendant's counsel of the previous conference or conversation between counsel and the officer; and, evidently, after having heard the testimony, the court did not see fit to follow the suggestion of the prosecutor. It is stipulated that no promise of leniency was made. The only fair construction to be drawn from the record is that defendant and his counsel concluded they would submit the matter to the court without a jury. The result was not what they had hoped, but that alone is not a ground for reversal.

From our review of the record it does not appear that there was any prejudicial error in the trial of the case or a miscarriage of justice,* nor was there error in the denial of defendant's motion for a new trial based upon the matters hereinbefore considered. The case is affirmed and remanded for execution of sentence.

STARR, C. J., and BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred. BUSHNELL, J., did not sit. The late Justice WIEST took no part in the decision of this case.

---

* See 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096).—REPORTER.